# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:10-CR-0168 |
|---|---|---|
| v. | : | (Judge Conner) |
| THU LOAN TRAN-NGO | : | |

## ORDER

AND NOW, this 17th day of December, 2010, upon consideration of the motion (Doc. 66) for severance, filed by defendant Thu Loan Tran-Ngo ("Tran-Ngo"), pursuant to Federal Rules of Criminal Procedure 8(a) and 14(a), and it appearing that Tran-Ngo contends that the seven counts set forth in the superceding indictment should not be joined pursuant to Rule 8(a),[1] see FED. R. CRIM. P. 8(a) ("The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are connected with or constitute parts of a common scheme or plan."), and recognizing that Rule 14 permits the court to order separate trials on separate counts of the indictment, see FED. R. CRIM. P. 14(a)

---

[1] Tran-Ngo argues: "The basic inquiry in determining whether the counts of an indictment are separate from one another is whether proof of one offense requires additional fact(s) that other offenses do not necessitate." In support of this premise, she cites United States v. Carter, 576 F.2d 1061 (3d Cir. 1978). Tran-Ngo's reliance on Carter is misplaced. The inquiry quoted above is intended to determine when separate counts are not multiplicious. As the Carter court explained, "[m]ultiplicity, the charging of a single offense in different counts of an indictment, . . . may lead to multiple sentences for a single violation" or "prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present." Id. at 1064. The pending motion, by contrast, raises a starkly different issue: severance of distinct offenses. Tran-Ngo contends that there are essentially three groups of offenses, so distinct in time and nature that separate trials should be held on each group of offenses. The analysis set forth in Carter is not pertinent to Tran-Ngo's argument.

("If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . ."), but that Tran-Ngo must "demonstrate clear and substantial prejudice[,]" United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005), and the court noting that the decision to grant a trial severance is within its sound discretion, see id. ("[I]n the absence of an affirmative showing of an abuse of discretion, th[e appellate] court will not interfere with the Rule 14 determinations made by the District Court."), and the court concluding that the charges are properly joined,[2] and that severance is not appropriate under the circumstances of the instant case,[3] it is hereby ORDERED that the motion (Doc. 66) to sever is DENIED. The case shall proceed as scheduled.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[2] The court finds that the offenses charged in the instant case are properly joined as part of a common scheme or plan. The government has properly alleged that Tran-Ngo had a common scheme or plan to use her bar, and its employees and associates, to make money by lawful and unlawful means. (See Doc. 68 at 4-5). Moreover, joinder of the offenses promotes economy of resources.

[3] Tran-Ngo contends that, if all counts of the superceding indictment are tried together, she will suffer prejudice. Specifically, she argues that "[t]here is a substantial risk the jury will cumulate the evidence between the separate factual allegations and/or infer the Defendant to be of criminal propensity or poor character." (Doc. 67 at 3-4; see also Doc. 69 at 5). The court finds that this argument fails to demonstrate clear and substantial prejudice. The undersigned finds no basis to conclude that jurors will be unable to compartmentalize the issues presented and render a fair and impartial verdict in accordance with the evidence and the instructions given to them by the court.